## DESCO CORPORATION v. UNITED STATES.

### No. 4.

District Court, D. Delaware.
Jan. 15, 1932.

James R. Morford (of Marvel, Morford, Ward & Logan), of Wilmington, Del., and Morris D. Kopple, of New York City, for plaintiff.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., and Rowland S. H. Dyer, of Washington, D. C., for the United States.

NIELDS, District Judge.

This is a suit against the United States for the recovery of $19,798.94, alleged to have been erroneously or illegally collected from plaintiff as an additional income and excess profits tax for the year 1920. The additional tax arose from the disallowance by the Commissioner of Internal Revenue of an item of $48,070 deducted by the plaintiff from its 1920 tax return. The suit was tried by the court without a jury.

Findings of Fact.

(1) Plaintiff is a jobber and dealer in electrical, mill, plumbing, and ship supplies, and a contractor for covering pipe at Wilmington, Del. It was incorporated in 1889 under the name of Delaware Electric & Supply Company. Its name was changed to Desco Corporation in 1930.

(2) In 1920, Frederick E. Stone was president and treasurer; Herbert R. Smith was vice president and general manager; and Earle C. Comegys was secretary and sales manager. These three gentlemen held a majority of the outstanding capital stock and constituted its board of directors.

(3) In 1919, the directors voted that each of the three officers should receive a salary of $60 per week, which was paid throughout the year 1920.

(4) The plaintiff made a practice of paying its officers small salaries.

(5) Plaintiff's books of accounts were kept on an accrual basis. At the close of each year an inventory was taken and was usually completed in about two and one half months.

(6) Additional compensation to officers and important employees was frequently voted by the directors when the profits justified it. The prospect of such additional compensation was definitely held out to certain employees by the officers. In 1919 and 1920 the directors informally discussed additional compensation and the payment thereof from profits.

(7) March 14, 1921, the directors voted additional compensation to the officers and certain employees of the company duly recorded in the following minute: "The treasurer presented his report for the year ending December 31st, 1920, which after being read was approved and ordered filed. Owing to the unusual care and responsibility the Board on motion decided that the Officers be granted a bonus of $15,000.00 each as additional compensation for their work performed for the last two years. At the same time Mr. Smith for the employees presented to the Board a request for further consideration on account of a number of the employees for the same reasons. On motion bonuses were thereupon granted to G. E. Vandergrift for $2,000.00; J. P. Armor, W. J. Robinson, and J. H. Dallett for $250.00 each; Geo. F. Leach for $150.00; A. I. Mousley—$50.00; W. E. James, S. Springer, E. P. Comegys and J. E. Holley for $25.00 each; C. Brown for $20.-00, all payable at the discretion of the Treasurer."

(8) Plaintiff's books for 1920 had not been closed, and, upon the passing of the above resolution, an entry was made as of December 31, 1920, on the ledger of the company under the heading "Salaries," in the words, "Bonus %c 48,070.00." This amount was subsequently paid in accordance with the terms of the resolution.

(9) The compensation voted the officers and employees March 14, 1921, was reasonable in amount and justified under all the circumstances.

(10) March 15, 1921, plaintiff filed its income and profits tax return for 1920, and deducted the amount of $48,070 in its return as an ordinary and necessary expense.

(11) The Commissioner of Internal Revenue disallowed the deduction of $48,070 from the income of plaintiff for the year 1920, and determined the amount of deficiency tax in controversy.

The statute involved is the Revenue Act of 1918 (40 Stat. 1057, ch. 18). Section 234 (a) of that act provides:

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * * "

The sole question in the case is whether plaintiff may lawfully deduct from its gross income for the year 1920 the sum of $48,070 as additional salaries and compensation for services rendered during 1919 and 1920. The answer to this question depends upon the subordinate question whether such compensation represented an expense "incurred" in the year 1920. Since the suit is one to recover taxes erroneously exacted, the burden is on the plaintiff to prove the facts establishing the invalidity of the tax. United States v. Anderson, 269 U. S. 422, 443, 46 S. Ct. 131, 70 L. Ed. 347; Burnet v. Houston, 283 U. S. 223, 227, 51 S. Ct. 413, 75 L. Ed. 991.

The books of the taxpayer were kept upon an accrual basis. Under that system, an expense accrues when all the events have occurred from which liability is determined and the liability has become fixed even though payment is not yet due. United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. Whether the term "incurred" as used in the Revenue Act of 1918 is used in a technical legal sense, or in an economic or bookkeeping sense, expenses are not incurred unless there has arisen a legal obligation to pay them, and they do not accrue within a given taxable year unless all of the events which fix the amount and determine the liability of the taxpayer to pay occur within that year. Bauer Bros. Co. v. Commissioner of Internal Revenue (C. C. A.) 46 F.(2d) 874, certiorari denied 283 U. S. 850, 51 S. Ct. 560, 75 L. Ed. 1458.

If the plaintiff did not incur any liability for the payment of the additional compensation during 1920, the action of the Commissioner of Internal Revenue in disallowing the expense was proper. There is no evidence of the existence of any contract, oral or written, assuring officers or employees additional compensation for services when the profits of the company justified it. Until the passage of the resolution of the board of directors on March 14, 1920, there was no obligation upon the plaintiff to pay its officers or employees any additional compensation. There is some evidence that during the year 1920 and prior thereto the board of directors informally discussed the question of salaries of officers and important employees and the practice of the company in paying bonuses when earnings warranted it. There is some evidence as to statements to new employees that bonuses would be paid. This evidence, however, falls far short of warranting the court in finding a legal liability or obligation on the part of the plaintiff to pay this additional compensation. The additional compensation was wholly dependent upon the action of the directors of the company. Their action in 1921 was not retroactive so as to incur an obligation in 1920, when no such obligation existed during that year.

The facts of this case are substantially identical with those in Bauer Bros. Co. v. Commissioner of Internal Revenue (C. C. A.) 46 F.(2d) 874. The reasoning in that case is equally convincing when applied to the facts in this case. See, also, Lucas v. Ox Fibre Brush Co., 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733; United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; S. Naitove & Co. v. Commissioner of Internal Revenue, 59 App. D. C. 53, 32 F.(2d) 949; Block & Kohner Mercantile Co. v. United States (C. C. A.) 37 F.(2d) 877, 879; Indiana Rubber & Insulated Wire Co. v. Commissioner of Internal Revenue, 20 B. T. A. 1201.

### Conclusions of Law.

(1) The disallowance by the Commissioner of Internal Revenue of $48,070 from plaintiff's income for the year 1920 was correct.

(2) Judgment should be entered for defendant.

Exceptions may be filed within four days.